**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TIMOTHY REED**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 1700 |
| ) | |
| **MICHAEL LEMKE**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Although this action was reassigned to this Court's calendar on April 29, 2014 by reason of the 28 U.S.C. § 294(b) election by its fellow senior judge Honorable Elaine Bucklo, some procedural glitch never brought copies of the relevant filings to this Court's chambers. Instead its attention was drawn to the case belatedly through the inclusion of certain motions in the case on a recently ordered all-inclusive list of pending motions in all cases on this Court's calendar.[1] This Court has now obtained copies of the relevant documents: the Amended Complaint brought by plaintiff Timothy Reed ("Reed") against Stateville Correctional Center ("Stateville") Warden Michael Lemke, accompanied by Reed's In Forma Pauperis Application ("Application") and its attached printout of transactions in Reed's trust fund account at East Moline Correctional Center ("East Moline"), where he is now in custody.

As a threshold matter, it is unclear from Reed's narrative account whether he did or did not exhaust all available administrative remedies as to the grievances asserted in the Complaint, such exhaustion being a precondition established by 42 U.S.C. § 1997e(a) as to any such suit

---

[1] One reason for the periodic ordering of such comprehensive lists is to see whether any matters have inadvertently fallen between the cracks, as appears to have occurred here.

brought by a prisoner.  For the present this Court will assume that the precondition has been satisfied, although it remains to be seen whether a <u>Pavey</u> hearing may be required on that score.

Next as to the Application, its attached printout covers a six-month period preceding Reed's filing of his Amended Complaint, rather than the filing date of the original Complaint about a month earlier, as 28 U.S.C. § 1915(a)(2) requires.  Nonetheless this Court will make its calculation based on the document as filed, rather than putting Reed to the trouble of having to go back to the appropriate custodial institution for further information.  From the printout the average monthly deposit during the six months amounted to $47.51, so that the required 20% down payment comes to $9.50.  Accordingly Reed is assessed that initial partial filing fee of $9.50, and the East Moline trust fund officer is ordered to collect that amount from Reed's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

After such payment the trust fund officer at East Moline (or at any other correctional facility where Reed may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  Both the initial payment and all future payments shall clearly identify Reed's name and the 14 C 1700 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the East Moline trust fund officer.

Finally, to satisfy the recently-established Marshals Service ("Service") requirement to permit its service of process on defendant Warden Lemke, this Court directs the Clerk of Court to issue summonses for service of the Complaint on defendant and appoints the Service to carry out such service of process. Reed is notified that a completed USM-285 (Marshals Service Form) is required for that purpose and that the Service will not attempt to make the service unless and until that required form is received. Accordingly Reed must complete a service form for Warden Lemke and return that form to the Clerk of Court within 35 days of the date of this order. And to allow time for such service and for Warden Lemke to arrange for his representation by counsel, a next status hearing is set for 9 a.m. September 26, 2014.[2]

In carrying out its responsibilities in accordance with the preceding paragraph, the Service is directed to make all reasonable efforts to serve defendant. Before attempting personal service the Service is authorized to send a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2).

_____
Milton I. Shadur
Senior United States District Judge

Date: July 22, 2014

---

[2] Warden Lemke's counsel will be responsible for making the necessary arrangements for Reed to participate telephonically at that time.