# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY REED**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 1700 |
| | ) |
| **MICHAEL LEMKE**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Timothy Reed ("Reed") has been given more than one opportunity to cure the defects disclosed by his self-prepared Complaint, in which he has invoked 42 U.S.C. § 1983 ("Section 1983") to assert two types of constitutional deprivations during his time as a prisoner[1]: (1) deliberate indifference to his assertedly serious medical needs and (2) his claimed subjection to unconstitutional conditions of confinement.  Just a brief recital of those opportunities to cure is useful by way of background:

1. On March 25, 2014 Honorable Elaine Bucklo (to whom Reed's case was originally assigned) identified flaws in his original filing and ordered him to "submit a proposed amended complaint naming a proper defendant and limited to a single, core of claim."

2. Then, after Judge Bucklo stepped out of the case by the exercise of her senior judge perogative under 28 U.S.C. § 294(b), the case was reassigned to this Court's calendar.

---

[1] On September 12, 2014 Reed sent a letter to the Clerk of Court advising that he was set to be released on September 23.

3. Regrettably a procedural glitch at the administrative level never brought copies of the relevant filings in the case to this Court's chambers, so that it learned of the case only belatedly through the inclusion of certain motions in the case when this Court ordered and obtained (as it does periodically) an all-inclusive list of pending motions in all cases on its calendar. When this Court thus learned of the case, it also directed Reed to take caritive measures to generate a potential viable complaint.

Despite those orders issued by Judge Bucklo and then by this Court, Reed has continued to target only former Stateville Correctional Center Warden Michael Lemke as a defendant -- yet no allegations of any kind are advanced against the Warden in terms of any claimed personal involvement on his part in the alleged violations of Reed's constitutional rights. It is fundamental to Section 1983 jurisprudence that such direct personal involvement, and not merely vicarious responsibility (such as under respondeat superior principles), must be shown by a plaintiff -- or when the sufficiency of a complaint is at issue under Fed. R. Civ. P. ("Rule") 12(b)(6), must be alleged by the plaintiff.

Because Reed has continued to flunk that requirement despite repeated court orders, Warden Lemke's current Motion To Dismiss Plaintiff's Second Amended Complaint must be and is granted. Warden Lemke is dismissed from the case with prejudice, and because there is no other named plaintiff, this action is dismissed as well -- but <u>without</u> prejudice.

All of that said, this Court finds no comfort in the notion that an unrepresented plaintiff may indeed have suffered constitutional deprivations, yet have had no opportunity to have the issues dealt with on the merits. Because the incidents about which Reed complains took place in August 2013, well over a half year remains before any constitutional claims would become

barred by the two-year statute of limitations applicable to Illinois-based Section 1983 claims. This Court is accordingly transmitting to Reed, together with a copy of this opinion, copies of the Clerk's-Office-supplied form of motion for attorney representation. If Reed completes and returns the original and a copy of that form (particularly including a response to paragraph 2 of the form, which our Court of Appeals requires before such a request may be granted),[2] this Court would be inclined to give favorable consideration to the designation of a member of the District Court trial bar to assist Reed in a possible proper revival of his claims.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 12, 2014

---

[2] Reed has already been given leave to proceed in forma pauperis under the special provisions applicable to prisoner plaintiffs under 28 U.S.C. § 1915.